such a penalty as that provided by section 71 of the Roads and Bridges Act (J. & A. ¶ 9700), for obstruction of a highway, is not a criminal action or criminal in its nature, but is an action of debt or assumpsit.

3. Roads and bridges, § 199*—*when inclusion of obstructed highway within limits of village no bar to action for obstruction of highway.* A town which has become entitled to a penalty for obstructing a highway under section 71 of the Roads and Bridges Act (J. & A. ¶ 9700) is not deprived thereof by reason of the fact that after the suit was brought the portion of its territory which includes the place where the highway was alleged to have been obstructed has been set off and incorporated as a village.

4. Roads and bridges, § 208*—*when evidence that obstructed highway within territory of village incorporated since accrual of action for obstruction incompetent.* In an action by a town to recover a penalty for obstructing a highway under section 71 of the Roads and Bridges Act (J. & A. ¶ 9700), evidence that after the suit was brought the portion of the highway alleged to have been obstructed was within the territory of a village incorporated since the right of action accrued is incompetent, and it is error to admit such evidence.

---

# Village of Carrier Mills, Appellant, v. Lou Pritchard, Appellee.

## (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W. Lewis, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

## Statement of the Case.

Action by Lou Pritchard, plaintiff, against the Village of Carrier Mills, defendant, in the Circuit Court of Saline county, to recover for personal injuries sus-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tained by falling from a plank used as a means of crossing a ditch in defendant village. From a judgment for plaintiff for five hundred dollars, defendant appeals.

Plaintiff in her declaration alleged that defendant was negligent in failing to keep the crossing in a reasonably safe condition. The evidence showed that Oak street, thirty-two feet wide, runs east and west through the business part of the Village of Carrier Mills and two blocks east of the business portion of the village is intersected by a thirty foot street running north and south which has no name. Along the west side of the unnamed street where it crosses Oak street is an open ditch eleven feet wide and across this ditch in the center of Oak street is a bridge sixteen feet in length from north to south. North of this bridge, some six to eight feet, a plank had been placed across the ditch, at the suggestion or order of the village board. Where the plank was placed the ditch was some three feet deep and eleven feet wide from bank to bank, and the plank was sixteen feet long, two inches thick and eight inches wide.

It also appeared that on account of the want of a sidewalk on the other side of the street, it was the custom of pedestrians in muddy weather, to cross the street and after passing along the sidewalk to cross on the plank instead of on the bridge. This plank had been at the place in question for seven or eight months, and was used by plaintiff in going from her home to her husband's place of business and in returning. It was shown to have been unsafe. Plaintiff testified that she went back and forth once or twice a week over the crossing and when she went upon the board it was springy and wobbly. Her husband testified it was slanting and tilty; that it sprang down when walked upon, and that there was a little tilt to the side and that a person sometimes had to jump. On the third of January, 1913, at about one o'clock in the afternoon,

plaintiff, being a woman forty-five years of age, weighing 165 to 170 pounds, was returning to her home from the business part of the village, carrying three bundles. When she reached the crossing the ground, which had been frozen early in the day but had then thawed out on the surface, was quite muddy and sloppy. Her feet were also muddy and as she attempted to cross over the plank with her bundles, she slipped off and received the injuries complained of.

MARSH, STILWELL & FINNEY, for appellant.

PILLOW & STONE and A. E. SOMERS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to show negligence of village in permitting use of plank over ditch.* In an action against a village to recover for personal injuries sustained by a fall from a plank laid across a ditch alongside a bridge, and which the village authorities permitted pedestrians to use in wet weather as a means of crossing the ditch, but which was insecurely placed, evidence examined and *held* to show negligence on the part of such authorities in permitting its use while in an unsafe condition.

2. MUNICIPAL CORPORATIONS, § 1071*—*when pedestrian using plank across ditch guilty of contributory negligence.* In an action against a village to recover for personal injuries sustained by a fall from a plank placed across a ditch by the village authorities, which plaintiff and others were accustomed to use as a means of crossing the ditch in wet weather, evidence *held* to show contributory negligence on the part of plaintiff, it appearing that plaintiff knew that the plank was insecurely placed and unsafe, and it further appearing that plaintiff might have crossed on a bridge which was safe and substantially as convenient a method of crossing, although plaintiff would have had to walk through a muddy path to reach the bridge.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.